UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTONIO D. BURKE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 1:15-cv-158-JAW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

*RECOMMENDED DISMISSAL*

On April 30, 2015, the plaintiff filed a *pro se* appeal from a decision of the commissioner denying his application for Social Security benefits, as well as an application to proceed *in forma pauperis*. *See* ECF Nos. 1-2. His *in forma pauperis* application was granted on May 1, 2015. *See* ECF No. 3. On July 2, 2015, following service of the summons and complaint, the commissioner filed her answer as well as the administrative record. *See* ECF Nos. 4-11. On the same date, the court issued a procedural order directing the plaintiff to file a statement of errors and a fact sheet on a form provided by the Clerk's Office within 30 days of the filing of the transcript and answer, in other words, per a Clerk's Office notation on ECF, by August 3, 2015, the next business day following the expiration of that 30-day period. *See* ECF No. 12. As a result of a clerical error, that procedural order was not mailed to the plaintiff. Accordingly, on August 12, 2015, the court issued an amended procedural order restating the plaintiff's obligation to make those filings within 30 days of the filing of the transcript and answer. *See* ECF No. 13. The Clerk's Office made a notation on ECF that the new deadline was September 11, 2015; however, the plaintiff presumably did not see it, as he was not a registered ECF user. *See id.*

1

Having received neither document, the court, on September 17, 2015, issued an Order To Show Cause directing the plaintiff to show good cause in writing, no later than October 1, 2015, why this action should not be dismissed for failure to prosecute, in light of his failure to timely file an itemized statement of errors and fact sheet. *See* ECF No. 14. On October 8, 2015, the envelope containing the Order To Show Cause was returned to the court with the following notation by the United States Postal Service: "Moved Left No Address[.] Unable To Forward[.] Return To Sender[.]" ECF No. 15. There has been no further communication from the plaintiff in the interim. *See generally* ECF Docket.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002). Rule 41(b), in turn, authorizes the court to dismiss an action for a party's failure to prosecute an action and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b). The plaintiff failed to comply with the court's directive in its amended procedural order that he file his statement of errors and fact sheet. The envelope in which the court mailed that particular notice was not returned; hence, the plaintiff presumably received it. The plaintiff never responded to the order in any fashion. In addition, the plaintiff failed to prosecute this case by neglecting to provide the court a forwarding address and ceasing communications with the court, preventing the service of the court's September 17, 2015, Order to Show Cause upon him.

This communications cutoff plainly makes it impossible to proceed at this time with this case, warranting its dismissal. *See, e.g., Pompey v. Commissioner of Soc. Sec.*, No. 1:07-CV-576 (GLS/DEP), 2008 WL 2097174, at *1-*2 (N.D.N.Y. May 19, 2008) ("For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed

of address changes. . . . It is manifestly unjust to subject the defendant herein to an ongoing limbo while all concerned await the possible reappearance of [the *pro se* claimant].").

Nonetheless, because the amended procedural order did not clarify on its face that the plaintiff had until September 11, 2015, to file his itemized statement and fact sheet, and because the plaintiff apparently never received the Order To Show Cause, albeit as a result of his own failure to provide updated contact information, I recommend that this case be **_DISMISSED_** without prejudice. *See Wieszalski v. Colvin*, Civil Action No. 3:12-cv-733-MEF, 2014 WL 1153737, at *1-*2 & n.1. (M.D. Ala. Mar. 20, 2014) (dismissing *pro se* claimant's Social Security appeal without prejudice for failure to prosecute action when claimant failed to file brief as ordered or update his mailing address, as a result of which the court's order to show cause why the action should not be dismissed was returned by the United States Postal Service; noting that dismissal without prejudice would leave open the possibility that claimant could attempt to obtain waiver of civil action filing deadline from commissioner for good cause shown).

## _NOTICE_

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of November, 2015.

                                              /s/  John H. Rich III
                                              John H. Rich III
                                              United States Magistrate Judge