UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTONIO D. BURKE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 1:15-cv-158-JAW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff, appearing *pro se*, seeks remand on the bases that "everything that should have been taken into consideration, was not [,]" and that "things have only gotten worse in my day to day living." Statement of Errors (ECF No. 22). He provides additional evidence in the form of a copy of a December 17, 2015, certification to the Maine Department of Health and Human Services ("DHHS") that he is unable to work 30 hours a week. *See* Food Supplement Program Medical and Behavioral Health Verification Form ("DHHS Form") (ECF No. 22-2), attached to Statement of Errors. Because the administrative law judge made a supportable determination that the plaintiff's drug and alcohol abuse was material to his disability,

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 18, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

as a result of which he was ineligible for SSI benefits, and the plaintiff's arguments and additional evidence provide no basis for remand, I recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of status-post cervical fusion, with symptoms presenting in approximately May 2013, minor motor seizures, anxiety-related disorder/anxiety NOS [not otherwise specified] with panic and post-traumatic stress disorder ("PTSD") features, personality disorder/personality disorder NOS, and substance addiction disorder/alcohol and cocaine abuse, Finding 2, Record at 11; that his impairments, including his substance use disorders, met sections 12.06, 12.08, and 12.09 of Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Finding 3, *id*. at 12; that, if he had stopped substance use, he would not have had an impairment or combination of impairments that met or medically equaled the criteria of any of the Listings, Finding 5, *id*. at 15; that, if he had stopped substance use, he would have had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that due to physical impairments, he could never have climbed ladders, ropes, or scaffolds, could occasionally have crawled, could occasionally have worked overhead bilaterally, should have avoided use of vibrating tools with the bilateral upper extremities, and should have avoided unprotected heights, and, due to mental health impairments, could have understood and remembered simple instructions and accomplished simple tasks on a consistent schedule to complete a workday/workweek, interacted with coworkers and supervisors but not the general public, and adapted to occasional routine changes in the workplace, Finding 6, *id*. at 16; that, if he had stopped substance use, considering his age (39 years old, defined as a

younger individual, on February 27, 2012, the date his application was filed), education (at least high school), work experience (transferability of skills immaterial), and RFC, there would have been jobs existing in significant numbers in the national economy that he could have performed, Findings 8-11, *id.* at 18; that his substance use was a contributing factor material to the determination of disability because he would not have been disabled if he had stopped substance use, Finding 12, *id.* at 19; and that he, therefore, had not been disabled at any time from February 27, 2012, the date his application was filed, through the date of the decision, May 20, 2014, *id.* The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff lists the following as things that he feels should have been taken into consideration, but were not: that he (i) previously had been on disability since 1998, (ii) has PTSD, anxiety, and cervical spinal stenosis for which he has had one surgery and requires another that will immobilize any movement in his neck, (iii) has been shot in the head, stabbed in the lungs and liver, shot in the stomach, and has a seizure disorder as a result of head wounds, and (iv) spent eight years in prison, a large portion of which was in maximum security, where he endured less than humane treatment.  *See* Statement of Errors.

As the commissioner points out, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 24) at 8, in his statement of errors, the plaintiff did not challenge the dispositive finding in his case: that his substance abuse was material to his disability, *see generally* Statement of Errors.  By contrast, at oral argument, he focused primarily on that point, disputing that he abused drugs or that his disability would cease if he stopped his use of drugs and/or alcohol.  A Social Security claimant's failure to raise a point in his or her statement of errors normally bars him or her from raising that point for the first time at oral argument.  *See, e.g., Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).  However, in consideration of the plaintiff's *pro se* status, and with the benefit of the commissioner's briefing of that point, *see* Opposition at 4-8, I address it below.

Turning first to the points that the plaintiff did raise in his statement of errors, I conclude, as the commissioner argues, *see id*. at 8-12, that none of them warrants remand:

1. *Previous Receipt of Disability Benefits*. The commissioner acknowledges that the plaintiff previously received disability benefits; however, she observes that those benefits were terminated while he was incarcerated pursuant to regulations suspending benefit payments to residents of public institutions after 30 days and terminating them after an additional 12 months. *See id*. at 8; Record at 288, 726; 20 C.F.R. §§ 416.1325, 416.1335. In the circumstances, the plaintiff was not entitled to reinstatement of his past benefits but, rather, was required to submit a new application subject to the five-step sequential evaluation process. *See* Opposition at 9; *see also, e.g., Messer v. Astrue*, Civil Action No. 09-342-DLB, 2010 WL 4791956, at *4-*5 (E.D. Ky. Nov. 18, 2010) (claimant whose SSI benefits were terminated as a result of an incarceration exceeding 13 months was required to file new application upon release, nullifying any entitlement to a resumption of benefits); *Brennan v. Astrue*, 501 F. Supp.2d 1303, 1309 (D. Kan. 2007) (same; also noting that termination of inmate's benefits nullified application of the "medical improvement" standard for judging continuing eligibility for benefits). The administrative law judge properly considered anew whether, on the evidence filed in connection with the new application, the plaintiff was eligible for SSI benefits.

2. *PTSD, Anxiety, Spinal Stenosis*. The administrative law judge did not fail to consider the plaintiff's PTSD, anxiety, and spinal stenosis diagnoses. Rather, he deemed all three severe impairments. *See* Finding 2, Record at 11. However, "a diagnosis . . ., standing alone, does not establish the severity of the disease nor the limitations that result for a particular individual." *Dowell v. Colvin*, No. 2:13-cv-246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014). The plaintiff fails to explain how these conditions imposed greater limitations during the period at issue (from February 27, 2012, through May 20, 2014) than those the administrative law judge assessed. He does assert that he now needs additional surgery that will immobilize any movement in his

5

neck. *See* Statement of Errors. However, an assertion in a brief is not evidence. Even if it were, to be entitled to a remand on the basis of the presentation of evidence unavailable to the administrative law judge, the plaintiff would be obliged to demonstrate that any such evidence was "material" and that he had "good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Larlee v. Social Sec. Admin. Comm'r*, No. 2:14-cv-00228-JDL, 2015 WL 3400664, at *3 (D. Me. May 27, 2015) (citation and internal quotation marks omitted). From all that appears, any such evidence would not be "material" in that it has no apparent bearing on the plaintiff's condition during the period at issue. *See id*. ("The evidence must be material to the issue of the claimant's condition during the time period for which benefits were denied, as opposed to the development of a new disability.") (citation and internal quotation marks omitted). The plaintiff does proffer new evidence in the form of the DHHS Form, in which a medical professional whose name is illegible indicates that, as of December 17, 2015, the plaintiff's anxiety/PTSD and cervical stenosis rendered him unable to work 30 hours per week. *See* DHHS Form.[2] However, as counsel for the commissioner noted at oral argument, the plaintiff fails to make the requisite showing that this evidence is material: even setting aside Dr. Malik's lack of explanation for her opinion, it does not purport to address the plaintiff's condition during the period at issue. *See id*.

    3.    *Previous Trauma*. For similar reasons, the plaintiff's reference to his history of trauma does not present a basis for remand. The administrative law judge did not ignore that evidence. He found that, while the plaintiff had a severe condition of minor motor seizures as a result of head trauma, the record did not substantiate the existence of a traumatic brain injury or cognitive disorder, and a Depakote prescription had been effective in managing his seizures. *See* Record at 11. He noted that, in August 2012, Sasha Sotirovic, M.D., verified that four metallic

---

[2] At oral argument, the plaintiff identified the person signing the DHHS Form as his primary care physician, Dr. Diesha Malik.

foreign bodies consistent with shotgun pellets were lodged in the plaintiff's superficial scalp tissue, but she saw no need for intervention. *See id*. The plaintiff makes no showing that any residuals of trauma imposed greater functional limitations during the period at issue than those found by the administrative law judge. *See* Statement of Errors. "Courts are not required or even expected to independently sift through the record in search of evidence that might salvage a *pro se* plaintiff's case." *Larlee*, 2015 WL 3400664, at *3 (citation, internal quotation marks, and footnote omitted).

    4.    *Incarceration*. Finally, the administrative law judge did not ignore the fact that the plaintiff had been incarcerated for a significant period of time. He acknowledged that fact, *see* Record at 13-14, and the topic was discussed at length during the plaintiff's hearing, *see, e.g., id*. at 33-34, 38, 40-43. The plaintiff identifies no evidence that any hardships that he endured while incarcerated imposed greater functional restrictions during the period at issue than those found by the administrative law judge. *See* Statement of Errors; *Larlee*, 2015 WL 3400664, at *3.

To the extent that the plaintiff generally alleges that his condition has worsened, *see* Statement of Errors, that has no bearing on the period at issue.

For all of these reasons, the plaintiff fails to raise any point in his statement of errors that warrants reversal of the administrative law judge's decision and remand of this case. Turning to the plaintiff's challenge to the finding that drug and alcohol abuse was material to his disability, I reach the same conclusion.

At oral argument, the plaintiff contended that he remained as disabled at all relevant times as when he was found entitled to disability benefits in 1998 and that substance abuse had nothing to do with it, as demonstrated by his condition while imprisoned and unable to abuse substances. Nonetheless, even accepting the sincerity of his belief, I conclude for the reasons discussed below

that substantial evidence supports the administrative law judge's finding that drug and alcohol abuse was material to the plaintiff's disability.

The need to determine whether substance use is material to disability stems from a provision of the Contract with America Advancement Act of 1996 ("Contract with America") that "eliminated disability benefits where drug addiction or alcoholism was a contributing factor material to the Commissioner's determination of disability." *Bartley v. Barnhart,* 117 Fed. Appx. 993, 994 (6th Cir. 2004) (citation and internal quotation marks omitted); *see also* 42 U.S.C. § 423(d)(2)(C).

That Contract with America directive was incorporated into the agency's regulations, which provide in relevant part:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 416.935(b).

After summarizing record evidence that "plainly show[ed]" that the plaintiff "drinks excessively on a regular basis, and uses cocaine episodically[,]" the administrative law judge gave great weight to a post-hearing assessment by psychological expert James M. Claiborn, Ph.D., who

8

had been provided the medical record in its entirety and an audio copy of the hearing, that the plaintiff was disabled but that substance abuse was material to his disability. Record at 14. The administrative law judge explained:

> Dr. Claiborn[] noted appropriately the absence of data without DAA [drug and alcohol abuse] beyond a few days of sobriety; except for incarceration at the Maine State Prison between 2009 [and] 2012, when the [plaintiff] had to remain clean and sober. This prison term not only precedes the alleged onset date, but more significantly, the Prison's medical records fail to demonstrate the [plaintiff had] mental health issues of any duration.
>
> Dr. Claiborn also pointed out that when actively using alcohol and sometimes cocaine, the [plaintiff] repeatedly ends up seeking hospital treatment. He responds quickly to said treatment and is discharged with improvements, but he then returns to active substance abuse. No treating provider has proffered an opinion that counters Dr. Claiborn's assessment.

*Id.* (citations omitted); *see also, e.g., id.* at 528 (June 17, 2010, Maine Department of Corrections mental health treatment note indicating plaintiff doing well, attending college class, alert, calm, cooperative, and coherent and communicating his needs well), 838-39, 842-43 (following two-day inpatient psychiatric admission on June 5, 2013, for racing and suicidal thoughts and poor mood in circumstances in which plaintiff had been drinking heavily, using cocaine, and not taking prescribed psychiatric medication, plaintiff discharged with "a bit anxious but improved" mood, "more animated" affect, and largely normal mental status), 967-68 (following one-day inpatient psychiatric admission on October 27, 2013, for increasing mood instability and anxiety in circumstances in which plaintiff had been drinking heavily and not taking prescribed psychiatric medication, plaintiff discharged "with improved mood and increased self-efficacy" and essentially normal mental status), 1085 (Claiborn opinion that the plaintiff (i) repeatedly ends up seeking hospital treatment when actively using alcohol and sometimes cocaine but "[t]hen usually responds quickly and is discharged improved but returns to active substance abuse[,]" (ii) met Listing 12.09 on his alleged onset date of disability, February 1, 2012, but did not meet any other Listing, and

(iii) "shows improved functioning when not actively using substances[,]" a "pattern [that] extends back to records from 1996").

As the administrative law judge noted, *see id*. at 18, the plaintiff's counsel at the administrative level was afforded an opportunity to respond to Dr. Claiborn's opinions and chose not to do so, *see id*. at 59, 305.

The Claiborn opinion, coupled with evidence indicating that the plaintiff's functioning improved when abstinent from substance use during lengthy periods of incarceration prior to February 2012 and for the fleeting periods thereafter when he was abstinent, constituted substantial evidence that his substance use was material to his disability. *See, e.g., Chanda v. Colvin*, No. 2:15-cv-52-JHR, 2015 WL 6123752, at *10 (D. Me. Oct. 15, 2015) ("With the proviso that, in cases involving co-occurring mental impairments, an administrative law judge may not rely solely on a medical opinion to support a finding of materiality [of substance use], the test is simply whether substantial evidence supports the finding.").

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**. Should the court agree, I remind the plaintiff that, as counsel for the commissioner stated at oral argument, he is free to file a new application for SSI disability benefits based on his current condition.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum,*

*within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 4th day of April, 2016.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
